IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MELINDA BOSWELL,

      Plaintiff,

      v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

      Defendant.

_____/

No. CIV S-04-0785 DAD

ORDER

      Pursuant to 42 U.S.C. § 406(b), counsel for plaintiff in the above-entitled action seeks an award of attorney fees in the amount of $1,661.68 for 24 hours of professional time devoted to the representation of plaintiff before this court. Defendant has filed a response to the motion which contains no objection to the award of $1,661.68 in attorney fees for court-related services.

/////

/////

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Mr. Astrue is substituted as defendant in this suit pursuant to 42 U.S.C. § 405(g) and Fed. R. Civ. P. 25(d)(1).

1

Section § 406(b) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. . . .

42 U.S.C. § 406(b)(1)(A). Rather than being paid by the government, fees under the Social Security Act are awarded out of the claimant's disability benefits. See Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir. 1991), receded from on other grounds by Sorenson v. Mink, 239 F.3d 1140, 1149 (9th Cir. 2001). However, the 25 percent statutory maximum fee is not an automatic entitlement, and the court must ensure that the requested fee is reasonable. Gisbrecht v. Barnhart, 535 U.S. 789, 808-09 (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements."). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Gisbrecht, 535 U.S. at 807.

Here, counsel for plaintiff seeks attorneys fees in an amount equal to 25 percent of the past-due benefits, the maximum authorized by statute and the lesser of the amounts set forth in the contingency fee agreement between counsel and plaintiff.[2] Counsel seeks an award in the amount of $1,661.68 for 24 hours of work, at a rate of $69.24 per hour. Based on the quality of counsel's representation and the results achieved in this case, the court finds the amount of hours expended to be reasonable. The hourly rate is also reasonable. See Martin v. Barnhart, 225 F.

---

[2] To be precise, the fee agreement provides for the recovery of "25% of the total of all back benefits awarded . . . or the sum of $4,000, whichever is less." (Pl.'s Mot. for Attorney Fees Pursuant to 42 U.S.C. § 406(b), Ex. 2.) Counsel has provided documentation from the Social Security Administration reflecting that it awarded plaintiff past-due benefits of $6,646.74. (Id., Ex. 1.)

2

1  Supp. 2d 704, 705-07 (W.D. Va. 2002) (awarding $10,189.50 for 16.82 hours of court-related
2  work which represented an hourly rate of $605.80); <u>Roark v. Barnhart</u>, 221 F. Supp. 2d 1020,
3  1026 (W.D. Mo. 2002) (awarding attorneys fees in excess of the amount received under EAJA
4  and finding an hourly rate of $338.29 to be reasonable).  Accordingly, the motion for attorney
5  fees will be granted.[3]

Accordingly, IT IS HEREBY ORDERED that counsel for plaintiff's motion be granted and that counsel be awarded $1,661.68 in attorney fees.

DATED: April 2, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.socsec/boswell0785.attyfees.406

---

[3] As a general matter, where an award is made pursuant to § 406(b), that sum must be offset by any sum awarded as fees pursuant to EAJA.  <u>See</u> Russell, 930 F.2d at 1446 ("The dual fee awards are proper here as long as Russell's attorney gives the smaller of the two awards to his client to compensate Russell for his litigation costs.").  Here, however, there has been no award of fees under EAJA.  Therefore, counsel is entitled to the entire $1,661.68 sought.